1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE ELECTRICAL WORKERS HEALTH AND WELFARE TRUST, *et al.*, | Case No.  2:12-cv-00148-JCM-CWH |
| Plaintiffs, | |
| vs. | **ORDER** |
| F.A.S.T. SYSTEMS, INC., *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (#15), filed August 9, 2012.  It is also before the Court on Plaintiff's Motion to Extend Time Regarding Discovery (#16), filed August 9, 2012.  Both motions are unopposed.

**1.  Plaintiff's Motion for Leave to File First Amended Complaint (#15)**

Plaintiff acknowledges that this motion comes after the deadline for amending the pleadings and adding parties set forth in the scheduling order.  *See* Order (#12) (establishing May 22, 2012 as the deadline for the parties to amend the pleadings and add parties).  However, Plaintiff's counsel indicates that it was not until August 1, 2012 that he obtained "direct evidence" that "a company called MCM Financial Holdings Corporation ("MCM") has purchased all the stock of [Defendant F.A.S.T.]."  As a result of the acquisition, Plaintiff seeks to add MCM as a defendant in this matter.

Although Defendants' responses to the motion were due on or before Monday, August 27, 2012, no responses were filed.  Pursuant to Local Rule ("LR") 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting

of the motion."  In addition to the non-opposition, it appears to the Court that Plaintiff has been

diligent in its prosecution of this case and in seeking the amendment.

Generally, where a responsive pleading has been filed, "a party may amend its pleading only

with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The

court should freely give leave when justice so requires."  *Id*.  "In exercising its discretion a court

must be guided by the underlying purpose of Rule 15–to facilitate a decision on the merits rather

than on the pleadings or technicalities."  *DCD Programs, Ltd. v. Leighton*, 883 F.2d 183, 186 (9th

Cir. 1987) (internal citation and quotation omitted).  Rule 15's policy of favoring amendments to

pleadings should be applied with "extreme liberality" insofar as the motion to amend is not sought

in bad faith, does not cause undue delay, does not cause the opposing party undue prejudice, and

does not constitute an exercise in futility.  *Id*.  The party opposing the amendment bears the burden

of showing prejudice.  833 F.2d at 187.

Where the court has filed a pretrial scheduling order pursuant to Rule 16 establishing a

deadline for amending the pleadings and that deadline has passed, the court considers the proposed

amendments under Rule 16's "good cause" standard.  *E.g. Johnson v. Mammoth Recreations, Inc.*,

975 F.2d 604, 607-08 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be

modified only for good cause and with the judge's consent.").  The "good cause" standard of Rule

16 primarily considers the diligence of the party seeking the amendment.  *Johnson*, 975 F.2d at

608.

The Court is concerned at the diligence in which discovery in this matter has been pursued.

The motion in this instance was filed a mere 11 days prior to the discovery cutoff date.  Plaintiffs'

did make their Rule 26(a) initial disclosures on April 11, 2012 and served their first set of Rule 34

requests on May 1, 2012.  However, Plaintiffs' first set of Rule 33 interrogatories, first set of Rule

36 requests for admissions, and second set of Rule 34 requests were not served until July 10, 2012.

Assuming service of the discovery requests was made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D),

(E), or (F), as is customary, responses to those discovery requests would not be due until Monday,

August 13, 2012 - just 7 days prior to the close of discovery.  Responses to Plaintiffs' second set of

Rule 33 interrogatories and third set of Rule 34 requests - served on July 31, 2012 - would not be

due until after discovery closes, if at all.  Nevertheless, it appears that MCM will simply step into

the shoes of Defendant F.A.S.T. based on the alleged stock purchase, and Defendants do not

oppose the request.  Accordingly, the Court will grant Plaintiff's motion to amend.

**2.  Plaintiff's Motion to Extend Time Regarding Discovery (#16)**

Plaintiffs also request that the Court extend several dates in the pretrial scheduling order

arguing that they have met the "good cause" standard set forth in LR 26-4.  Local Rule 26-4

provides, in pertinent part, as follows:

> All motions or stipulations to extend a deadline set forth in a discovery plan
> shall be received by the Court no later than twenty-one (21) days before the
> expiration of the subject deadline.  A request made after the expiration of the
> subject deadline <u>shall</u> <u>not</u> be granted unless the movant demonstrates that the
> failure to act was the result of excusable neglect.

At the time Plaintiffs' motion was filed, the expert disclosure deadlines had long been expired.  As

such, before the Court will entertain the requested extensions to the expert disclosure deadlines, it

will require Plaintiffs to demonstrate excusable neglect for the failure to act within the specified

time periods.  Based on the addition of MCM and the need to reschedule previously scheduled

depositions, the Court finds the requested extension of the discovery deadline appropriate.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended

Complaint (#15) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time Regarding

Discovery (#16) is **denied in part and granted in part**.  The following deadlines are amended as

follows:

| | | |
|---|---|---|
| 1. | Discovery cutoff | **November 19, 2012** |
| 2. | Interim status report | **September 20, 2012** |
| 6. | Dispositive motions | **December 19, 2012** |

**IT IS FURTHER ORDERED** that if no dispositive motions have been filed within the

time frame specified in this Order, then the parties shall file a written, joint proposed Pretrial Order

by **January 18, 2013**.  If dispositive motions are filed, then the parties shall file a written, joint

proposed Pretrial Order within 30 days of  the date the Court enters a ruling on said dispositive

3

motions.

DATED this 29th day of August, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**