# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| TRUSTEES OF THE ELECTRICAL WORKERS HEALTH AND WELFARE TRUST, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>F.A.S.T. SYSTEMS, INC., et al.,<br><br>Defendant(s). | 2:12-CV-148 JCM (CWH) |

**ORDER**

Presently before the court is plaintiffs Trustees of the Electrical Workers Health and Welfare Trust, *et al.*'s motion to stay proceedings. (Doc. # 19). The motion seeks to stay proceedings as to defendant F.A.S.T. Systems, Inc. pursuant to 11 U.S.C. § 362(a).

On January 27, 2012, plaintiffs filed a complaint against defendants F.A.S.T. Systems, Inc. and Fidelity and Deposit Company of Maryland. (Doc. # 1). The complaint seeks delinquent contributions, costs, attorneys' fees, interest and liquidated damages required by the Employee Retirement Income Security Act of 1974 (ERISA), a collective bargaining agreement, and trust agreements. On August 17, 2012, F.A.S.T. Systems filed for Chapter 7 Bankruptcy and subsequently filed notice of bankruptcy with this court. (Doc. # 18). On September 17, 2012, plaintiffs filed the instant motion to stay proceedings only as to F.A.S.T. Systems.

. . .

**James C. Mahan**
**U.S. District Judge**

"The filing of a petition for bankruptcy operates as an automatic stay of the commencement or continuation of any action against a bankrupt debtor or against the property of a bankrupt estate." *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491; *see also* 11 U.S.C. § 362(a); *Mar. Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991) ("Once triggered by a debtor's bankruptcy petition, the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor. This is so because § 362's stay is mandatory and 'applicable to all entities,' including state and federal courts."); *Boynton v. Ball,* 121 U.S. 457, 466-67(1887) ("where the bankruptcy proceedings are brought to the attention of the court in which a suit is being prosecuted against a bankrupt, that court shall not proceed to final judgment until the question of his discharge shall have been determined.").

Automatic stays do not apply to suits against non-debtors. *Chugach Timber Corp. v. N. Stevedoring & Handling Corp.*, 23 F.3d 241, 246 (9th Cir. 1994)."[S]ection 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." *Id.* Here, plaintiffs move to stay proceedings only against F.A.S.T. Systems. Fidelity, as a separate surety, is not protected by the automatic stay.

Based on the foregoing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Trustees of the Electrical Workers Health and Welfare Trust*, et al.*'s motion to stay proceedings (doc. # 19) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that these proceedings are stayed as to defendant F.A.S.T. Systems, Inc. Proceedings, however, will continue against defendant Fidelity.

DATED September 24, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -