# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TRUSTEES OF THE ELECTRICAL WORKERS )
HEALTH AND WELFARE TRUST, *et al.*, )
                Plaintiffs, )    Case No.  2:12-cv-00148-JCM-CWH
vs. )    **ORDER**
F.A.S.T. SYSTEMS, INC. *et. al.*, )
                Defendants. )

This matter is before the Court on Plaintiffs' Motion to Stay Proceedings (#41), filed on January 18, 2013.  The Court also considered Defendant Fidelity and Deposit Company of Maryland's Joinder (#42), filed on January 24, 2013.

## BACKGROUND

On January 27, 2012, Plaintiffs filed this action seeking delinquent contributions, costs, and damages regarding the Employee Retirement Income Security Act of 1974, a collective bargaining agreement, and trust agreements.  On August 17, 2012, F.A.S.T. Systems, Inc. ("F.A.S.T.") filed for Chapter 7 Bankruptcy.  U.S. Bankruptcy Court, District of Nevada, Case No. 12-4646263.  On September 5, 2012, F.A.S.T. filed a notice of bankruptcy with this court.  *See* Suggestion of Bankruptcy #18.  As a result, an automatic stay with respect to F.A.S.T. has been in effect since September 5, 2012.  *See* Amended Order #22.  In the instant motion, Plaintiffs request that a stay be instituted with respect to the other Defendant, Fidelity and Deposit Company of Maryland ("Fidelity").

## DISCUSSION

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays. *Skellercup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation.  Ordinarily a

pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). Common examples of such situations when a stay may be appropriate are when jurisdiction, venue, or immunity are preliminary issues. *Id*. Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). An overly lenient standard for granting motions to stays due to pending dispositive motions would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556.[1] Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

The Court finds that Plaintiffs have made the strong showing necessary to support the requested stay of discovery. Plaintiffs seek a stay of this action pending the outcome of a state case. On December 7, 2012, Defendant Fidelity filed an interpleader action in state court. Case No. A-12-67338-C. In its Joinder, Fidelity alleges that the interpleader action shall dispose of Plaintiff's claim. Therefore, the parties contend that a stay of this action pending the resolution of that case is appropriate. Given Defendant Fidelity's lack of opposition, the Court finds good cause to stay this action pending the outcome of the interpleader case. Such a stay will promote judicial efficiency as the outcome of the state interpleader action will assist in the resolution of this case. Accordingly, the Court will grant a stay until the state interpleader action is resolved. However, the Court will require that the parties file joint interim status reports in sixty (60) days and one hundred and twenty (120) days to keep it apprised of the progress of that action.

---

[1] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. at 603.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Stay Proceedings (#41) is **granted**.

**IT IS FURTHER ORDERED** that the parties shall file joint interim status reports on April 5, 2013 and June 5, 2013.

DATED this 5th day of February, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**