UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE ELECTRICAL WORKERS HEALTH AND WELFARE TRUST, et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>F.A.S.T. SYSTEMS, INC., et al.,<br><br>    Defendant(s). | 2:12-CV-148 JCM (CWH) |

**ORDER**

Presently before the court is plaintiffs Trustees of the Electrical Workers Health and Welfare Trust et al.'s motion for attorneys' fees. (Doc. # 46).[1] Defendant Fidelity and Deposit Company of Maryland ("Fidelity") filed a response. (Doc. # 47). Plaintiffs replied. (Doc. # 49). Defendant F.A.S.T. Systems, Inc. ("FAST") also filed a response. (Doc. # 48). Plaintiffs replied. (Doc. # 50).

**I.    Factual Background**

On January 27, 2012, plaintiffs filed a complaint against defendants Fidelity and FAST. FAST is an employer within the state of Nevada that is obligated to contribute to the plaintiff trust funds on behalf of its covered employees. Plaintiffs allege that FAST failed to remit employee benefit contributions to the trust funds on behalf of its covered employees. Fidelity is a surety on state contractors board bonds that were issued to FAST as principal. Plaintiffs allege that Fidelity

---

[1] Plaintiffs seek attorneys' fees against both defendants' counsel.

**James C. Mahan**
**U.S. District Judge**

is liable for FAST's delinquencies to plaintiffs. Plaintiffs seek to collect these unpaid amounts against the bonds.

## II.     Procedural History

Plaintiffs' request for attorney fees is based on defendants' counsel's conduct during litigation. For this reason, the court finds it necessary to provide the following procedural history to frame plaintiffs' request.

On July 10, 2012, plaintiffs filed a deposition notice for the person most knowledgeable ("PMK") witness for Fidelity. On August 17, 2012, FAST filed for bankruptcy. On September 13, 2012, Fidelity obtained new counsel and contacted plaintiffs. On September 19, 2012, plaintiffs filed a motion to compel, and on October 8, 2012, Fidelity responded. On October 5, 2012, there was a stipulation for substitution of counsel for Fidelity, and on October 10, 2012, an order was entered to that effect.

On November 6, 2012, a hearing on the motion to compel was held. The court ordered Fidelity to identify the PMK witness and that the deposition take place prior to November 30, 2012. The court also ordered Fidelity to pay plaintiffs' attorneys' fees related to the motion to compel.

On November 20, 2012, plaintiffs issued a new PMK witness deposition notice for Fidelity. On November 28, 2012, plaintiffs executed a settlement agreement and release in regards to the motion to compel and a hearing on Fidelity's motion for protective order was held. At the hearing, the court limited the deposition to areas of testimony contained in the original PMK notice. On November 30, 2012, neither the PMK witness nor Fidelity's counsel appeared at the deposition.

On December 7, 2012, Fidelity filed an interpleader complaint in Nevada state court to interplead the penal sums of the bonds. On December 11, 2012, Fidelity filed a notice of the interpleader action in this case. On March 15, 2013, Fidelity filed a motion to interplead in state court. Plaintiffs represent that the state court action will be resolved shortly and the plaintiff trust funds will file a motion to distribute the bond proceeds upon resolution of the state court matter.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Legal Standard

Federal courts have the inherent power to punish conduct which abuses the judicial process, including accessing attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NSDCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citation omitted). When imposing sanctions under its inherent authority, a court must make an explicit finding of bad faith or willful misconduct. *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003). In addition, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

An award of attorneys' fees pursuant to the court's inherent power is appropriate when plaintiff has acted in bad faith, has willfully abused the judicial process or has willfully disobeyed a court order. *See Fink v. Gomez*, 239 F.3d 989, 991-92 (9th Cir. 2001). These sanctions are further "permissible when an attorney has acted recklessly if there is something more–such as an improper purpose." *Id.* at 993; *see, e.g., Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) ("a finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent'") (citation omitted).

"A finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertions of a colorable claim will not bar the assessment of attorney's fees.'" *Fink*, 239 F.3d at 992 (quoting *Lipsig v. National Student Mktg. Corp.*, 663 F.2d 178, 182 (D.C. Cir. 1980) (per curiam)).

### IV. Discussion

Plaintiffs argue that defendants and their counsels' actions were in bad faith and intended to delay and harass. Plaintiffs contend that Fidelity and its counsel continually frustrated discovery by failing to produce the PMK witness from Fidelity, and by failing to appear at the court-ordered deposition. Plaintiffs also argue that Fidelity and its counsel engaged in "brinksmanship" and needless delay in filing an interpleader action. Plaintiffs also allege that they never received a copy

James C. Mahan
U.S. District Judge

- 3 -

1   of the motion to interplead and only learned about the motion by checking the Nevada state court's
2   docket.

3         Fidelity retorts that plaintiffs have not met the burden by clear and convincing evidence.[2]
4   Fidelity further argues that part of the problem was caused by changing counsel and plaintiffs not
5   responding to its new counsel's good faith inquiries.  Fidelity also argues that any failure to produce
6   the PMK witness in person at the time of the deposition was not an act of bad faith, but a
7   misunderstanding of the court's decision, which it thought allowed for a telephonic appearance.

8         Fidelity also argues that the PMK witness offered for his deposition to be taken in-person on
9   a later date.  Further, Fidelity argues that it filed the interpleader in a timely manner--within 60 days
10  of its new counsel appearing in the case--and made sure plaintiffs were aware of the motion to
11  interplead.  Last, Fidelity argues that the majority of issues raised by plaintiffs have already been
12  settled by the court and are subject to the release negotiated between the parties in regards to the
13  motion to compel.

14        FAST contends that plaintiffs have not provided any case law that supports its claim that the
15  continuance of an unilaterally scheduled deposition, the filing of a bankruptcy, or the failure to
16  timely file a response to a discovery request constitutes bad faith punishable by sanctions.  FAST
17  also claims that plaintiffs have not cited any reason why the previously awarded sanctions do not
18  resolve all issues regarding FAST raised in plaintiffs' instant motion.

19        When imposing sanctions under its inherent authority, a court must make an explicit finding
20  of bad faith or willful misconduct. *In re Dyer*, 322 F.3d at 1196.  In this case, plaintiffs have not
21  provided this court with sufficient evidence to make such a finding.  While the Ninth Circuit has not
22  yet decided by what standard of proof the district court must make its bad faith determination,
23  plaintiffs meet neither the clear and convincing nor the preponderance of the evidence standard. *F.J.*
24  *Hanshaw Enterprises*, 244 F.3d at 1143.

25  . . .

---

[2] The Ninth Circuit has not yet decided whether to use clear and conving evidence or the preponderance of the evidence as the standard of proof by which the district court must make its bad faith determination. *F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1143 (9th Cir. 2001).

**James C. Mahan**
**U.S. District Judge**

In each instance where plaintiffs contend defendants acted in bad faith, their showing falls short of the burden of proof necessary to warrant attorneys' fees pursuant to this court's inherent power. Defendants adequately rebut plaintiffs' contentions by either pointing to an innocuous reason for their conduct or by plainly disagreeing with plaintiffs' characterization of the circumstances surrounding the conduct at issue. This "he said, she said" leaves the court weighing the representations of counsel to determine whether there exists sufficient misconduct to justify a bad faith finding. Plaintiffs have failed to demonstrate that an award of attorneys' fees is necessary to sanction defendants' conduct in this matter.

## V. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Trustees of the Electrical Workers Health and Welfare Trust et al.'s motion for attorneys' fees (doc. # 46) be, and the same hereby is, DENIED without prejudice.

DATED June 27, 2013.

*James C. Mahan*

**UNITED STATES DISTRICT JUDGE**