# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRUSTEES OF THE ELECTRICAL WORKERS HEALTH AND WELFARE TRUST, et al., | Case No. 2:12-CV-148 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| F.A.S.T. SYSTEMS, INC., et al., | |
| Defendant(s). | |

Presently before the court is a motion for voluntary dismissal without prejudice of claims against F.A.S.T. Systems, Inc. (hereinafter "defendant") by plaintiffs Trustees of the Electrical Workers Health and Welfare Trust; Trustees of the Electrical Workers Pension Trust; and Trustees of the Las Vegas Electrical Joint Apprenticeship and Training Trust Fund (hereinafter "plaintiffs"). (Doc. # 56). Defendant did not file an opposition, and the time for opposition has now expired.

**I.  Background**

Plaintiff filed a complaint against defendant on January 27, 2012. (Doc. # 1). Plaintiff originally named two defendants, F.A.S.T. Systems, Inc. and Fidelity and Deposit Company of Maryland ("Fidelity"). Fidelity was dismissed with prejudice pursuant to stipulation on October 8, 2013. (Doc. # 54). F.A.S.T. Systems, Inc. is the only remaining defendant.

Defendant filed an answer to the complaint on February 22, 2012. (Doc. # 6). After various pretrial motions and orders, plaintiff filed the instant motion for a voluntary dismissal. (Doc. # 56).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**II.     Legal Standards**

   *A.  Fed. R. Civ. P. 41(a)(2)*

Federal Rule of Civil Procedure 41(a)(2) provides: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

   *B.  Local Rule 7-2(d)*

Local rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

**III.    Discussion**

Pursuant to Fed. R. Civ. P. 41(a)(2), plaintiff seeks to dismiss the action without prejudice. Defendant has not objected or otherwise responded even though the response date has passed. The court finds that plaintiff has properly moved for dismissal under Fed. R. Civ. P. 41(a)(2), and defendant has consented to the granting of the motion pursuant to both Fed. R. Civ. P. 41(a)(2) and local rule 7-2(d). Further, defendant has not asserted any counterclaims. Thus, the court finds that there will be no prejudice to any remaining party in this matter if dismissal is granted. In light of the defendant's failure to respond and weighing the factors identified in *Ghazali*, the court finds dismissal appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for voluntary dismissal (doc. # 56) be, and the same hereby, is GRANTED.

. . .

**James C. Mahan**
**U.S. District Judge**

1       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this action, case number 2:12-cv-00148-JCM-CWH, be dismissed without prejudice.

3       DATED August 18, 2014.

                                                                             _____
                                                                           UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**